742 S.E.2d 867

The Supreme Court of South Carolina Jim LANCASTER, Nancy Lancaster, Art Holland, Jeannette Holland, Wendell Turner, Phyllis Turner, Jack Turner, Jack Bennett, Joan Bennett, on behalf of themselves and other similarly situated, Respondents,

v.

GEORGIA–PACIFIC CORPORATION and/or Georgia Pacific LLC, Grayco Home Center Inc., Del Webb Communities, Inc., an Arizona Corporation, Razor Component Systems, Inc., a South Carolina Corporation, Razor Enterprises, Inc., a Texas Corporation and DJ Construction Co., LLC, Defendants,

Of Whom Georgia–Pacific Corporation and/or Georgia Pacific LLC and Del Webb Communities, Inc., an Arizona Corporation, are the Petitioners.

Appellate Case No. 2013–000175.

Supreme Court of South Carolina.

May 20, 2013.

## ORDER

This matter is before the Court by way of a petition for a writ of certiorari filed by petitioner Georgia–Pacific Corpora-

tion to review the Court of Appeals' dismissal of the underlying appeals. Petitioner Del Webb Communities, Inc. has received an extension of time to serve and file a petition for a writ of certiorari.

Del Webb has now filed a motion to stay "all appellate timelines" because "[t]he parties have reached and are preparing settlement documents for presentation to and approval by the trial court." That motion was followed by a joint motion to stay, filed by all of the parties, in which the parties state they have reached a tentative agreement to settle this matter, "but further steps must be taken and the trial court and this Court must approve the settlement to the extent required by law." Accordingly, the parties request an order staying the proceedings before this Court and requiring petitioners to inform the Court every thirty days in writing of the status of the matter before the trial court until the matter is resolved and a request for dismissal is made to this Court.

Pursuant to Rule 205, SCACR, upon the service of a notice of appeal, the appellate Court has exclusive jurisdiction over the appeal, with the exception of matters not affected by the appeal. The appellate court retains jurisdiction until the remittitur is sent to the lower court.

In the case at hand, the remittitur has not been sent to the circuit court because Georgia–Pacific has filed a petition for a writ of certiorari and Del Webb has sought an extension of time to file a petition for a writ of certiorari. *See* Rule 221, SCACR ("Where a petition for rehearing has been denied, the Court of Appeals shall not sent the remittitur to the lower court . . . until the time to petition for a writ of certiorari under Rule 242(c) has expired."). Therefore, the trial court cannot take action as contemplated by the parties unless the case is remanded to that court.

We hereby grant the motion to stay this matter, but only for a period of sixty days. If at the expiration of that period of time the parties require additional time, they can file another motion which sets forth their progress and explains why a further stay is necessary. However, no action may be taken by the circuit court with regard to the case except with regard to matters not affected by the appeal, unless the case is remanded to the circuit court.

Finally, because the issue of parties submitting settlement agreements to the lower court while the matter is pending before this Court has arisen with increasing frequency of late, we hereby remind the bench and bar that action on a settlement may not be taken by the lower court, except with regard to matters not affected by the appeal, while the matter is pending before this Court. The parties must first seek to have the matter remanded to the lower court.

/s/Jean H. Toal, C.J.

/s/Costa M. Pleicones, J.

/s/Donald W. Beatty, J.

/s/John W. Kittredge, J.

/s/Kaye G. Hearn, J.
FOR THE COURT