CHIEF JUSTICE PLEICONES:
I concur in the decision to reverse the trial court’s order granting summary judgment, and to reverse the discovery order but write separately because I would adhere to our decision in Epstein v. Brown, 363 S.C. 372, 610 S.E.2d 816 (2005). The majority adopts Justice Toal’s dissenting view in Epstein, but shrouds its decision in discussions of appellate court rules and practices. As explained below, I would not create a special statute of limitations for legal malpractice cases that is tied to the status of an appeal.[10]
First, I believe the majority unnecessarily expands the meaning of the term “matters affected by the appeal” under Rule 205, SCACR, to include inchoate and speculative collateral lawsuits. As this Court has explained, Rule 205 provides that an appeal deprives the trial court of jurisdiction to modify issues decided by that court which are the subject of a *539 pending appeal, e.g., Wingate v. Wingate, 289 S.C. 574, 347 S.E.2d 878 (1985), or to entertain a settlement agreement, e.g., Lancaster v. Georgia-Pacific Corp., 403 S.C. 136, 742 S.E.2d 867 (2013), absent a remand from the appellate court. I do not understand how or why a Rule 205 operates to deprive a trial court of jurisdiction over a nonexistent lawsuit.
The majority also reinterprets Rule 241, SCACR, to include inchoate and speculative collateral lawsuits when, by its own term, the rule governs stays only in “matters decided in the order, judgment, decree or decision on appeal. ...” Rule 241(a), SCACR. Further, in footnote 5, the majority reiterates that the Rule permits a party to an appeal which is subject to an automatic stay to “move for the lower court, administrative tribunal, appellate court, or judge or justice of the appellate court for an order lifting [that stay] ....” I do not understand what the majority contemplates would be the benefit of superseding such a stay vis-á-vis a future malpractice suit, since the majority holds that “until the appeal is resolved against the client, there is no legally cognizable cause of action for an attorney’s alleged malpractice.”
I would adhere to the discovery rule adopted in Epstein, and reverse the trial court’s order granting summary judgment because there are unresolved genuine issues of material fact that make that relief inappropriate. E.g., McAlhany v. Carter, 415 S.C. 54, 781 S.E.2d 105 (Ct.App.2015). Further, I concur in the majority’s decision to reverse the discovery order without prejudice.

. That the statute of limitations in the Post-Conviction Relief Act, S.C. Code Ann. § 17-27-45(a) (2014), contains a specific post-appeal provision only emphasizes the extraordinary nature of the majority’s decision to create a special rule here.